IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., § § Plaintiff, § § vs. § § WAR BAMA BY CHRIS, LLC, et al., § § Defendants. § § | C.A. NO. 1:14-CV-00348-KD-C |

**PLAINTIFF JOE HAND PROMOTIONS, INC.'S**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.   This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question), as this civil action is brought pursuant to 47 U.S.C. §553 and 605. *See* Doc. 1, ¶1.

2.   This court has personal jurisdiction over the parties to this action as a result of Defendants' wrongful acts, complained of herein, which violated Plaintiff's rights as the exclusive domestic commercial distributor of the transmission signal of "*UFC 148: Silva v. Sonnen II*" broadcast, including all undercard bouts and the main prizefight, broadcasted on July 7, 2012 (hereinafter the "Event"). Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition and tortuous conversation of Plaintiff's property, while said property was in the Plaintiff's control in the State of Alabama. *See* Doc. 1, ¶2.

3.   Venue is proper in the Southern District of Alabama, pursuant to 28 U.S. C. §1391(b) because, inter alia, all Defendants reside within the State of Alabama and/or a substantial part of the events or omissions giving rise to the claim occurred in this District. *See* Doc. 1 ¶3.

4.   Plaintiff, Joe Hand Promotions, Inc. is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events. *See* Exhibit A at ¶3.

5.   Defendant, Eula Sheffield Neal, is a Managing Member of War Bama By Chris, LLC d/b/a War Bama. Defendant, War Bama By Chris, LLC d/b/a War Bama, is a business entity, the exact nature of which is unknown, having its principal place of business at 20069 Highway 84, Silas, AL 36919. *See* Doc. 1 ¶¶ 6 & 9.

6.   Plaintiff possessed the proprietary rights to exhibit and sublicense the right to exhibit the Event. *See* Exhibit A(1).

7. Through an agreement with the promoter of the Event, Plaintiff was licensed to exhibit the Event at closed circuit locations, such as theaters, arenas, clubs, lounges, restaurants and other commercial establishments throughout the State of Alabama. *See* Exhibit A(1).

8. In Alabama, the Event was legally available to commercial establishments only through an agreement with Plaintiff. *See* Exhibit A at ¶3.

9. In order to safeguard against the unauthorized interception or receipt of the Event, the interstate satellite transmission of the Event was electronically coded or scrambled and was not available to or intended for the use of the general public. If a commercial establishment was authorized by Plaintiff to receive the respective Event, the establishment was provided with the electronic decoding equipment and the satellite coordinates necessary to receive the signal or the establishment's cable or satellite provider would be notified to unscramble the reception, depending upon the establishment's equipment and provider. *See id.* at ¶9.

10. Authorized commercial establishments which contracted with Plaintiff were required to pay to Plaintiff a sublicense fee to receive the Event. This sublicense fee is typically based on the capacity of the establishment. Here, Defendants' Establishment had an occupancy of approximately three-hundred (300) people. According to the rate card, the fee for a legal broadcast would have been $1,800.00. *See* Exhibit A(2) & Exhibit A(3).

11. On the date of the Event, without authorization, Defendants intercepted and received or assisted in the interception and receipt of the transmission of the Event, and broadcast or assisted in the broadcast of the Event to the patrons of the Defendants' Establishment. On the night of the Event, Plaintiff's Investigator observed the Event being telecast to forty (40) patrons at Defendants' Establishment on one (1) television and one (1) large projection screen. Exhibit A(2). Further, Plaintiff's investigator was required to pay a $10 cover charge to view the Event. Exhibit A(2).

12. Defendants could not have obtained the transmission of the Event had Defendants not undertaken specific wrongful actions to intercept, receive and/or exhibit the telecast of the Event. *See* Exhibit A at ¶9.

Respectfully submitted,

Dated: April 30, 2015

/s/ *F. Page Gamble*
F. Page Gamble, Esq.
F. PAGE GAMBLE P.C.
300 Vestavia Parkway
Suite 2300
Birmingham, AL 35216
(T): (205) 795-2078
(E): page@gamblelaw.net

*Attorneys for Joe Hand Promotions, Inc.*