UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:14-cv-00348-KD-C |
| ) | |
| EULA SHEFIELD NEAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendants and hereby files their Memorandum of Law in Support of Their Response to The Motion for Summary Judgment.

### UNDISPUTED FACTS

On July 7, 2012 the Plaintiff broadcast an Ultimate Fighting Championship event as a pay per view event. The UFC event was also broadcast at the War Bama Club in Silas, Alabama. The UFC event was not authorized for broadcast at the War Bama.

The Plaintiff filed its complaint on July 24, 2014. The complaint alleged violations of Title 47 USC § 605 against, Chris Sherman, Eula Sheffield Neal, individually and War Bama by Chris LLC.

Neal and War Bama filed an answer to the complaint.

Chris Sherman failed to respond or file a response to the complaint.

The Plaintiff filed a Motion for Default Judgment against Sherman on October 6, 2014.

The Clerk entered the default against Sherman on October 8, 2014.

## ISSUES

Whether JHP has established there is no genuine issue of material fact that the War Bama Defendants violated Title 47 USC § 605?

Whether JHP has established there is no genuine issue of material fact that the War Bama Defendants acted willfully and for the purpose of direct or indirect commercial advantage or private financial gain in violation of Title 47 USC § 605?

## LEGAL ARGUMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has specified procedural and substantive standards for deciding when summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant "bears the initial responsibility of informing the District Court of the basis for its motion" by identifying those

portions of the record that demonstrate the absence of genuine issues of material fact. *Celotex, 477 U.S. at 323, 106 S.Ct. at 2553*. When a Motion for Summary Judgment has been made properly the burden of production shifts to the non-moving party "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c, e))*.

Anderson explains how the District Court should evaluate the evidence submitted with a Summary Judgment Motion. Analogizing a summary judgment decision with directed verdict analysis, the Court defined a factual dispute as genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson, 477 U.S. at 248, 106 S.Ct. at 2510*; see Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir.1987); Dominick v. Dixie Nat'l Life Ins. Co., 809 F.2d 1559, 1572 (11th Cir.1987). Clarifying the definition of a genuine factual dispute preventing summary judgment under Rule 56(c), the Court explained: "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson, 477 U.S. at 247-48, 106 S.Ct. at 2510* (emphasis in original). Furthermore, the Court instructed that "the substantive law

will identify which facts are material" and that the trial judge "must view the evidence presented through the prism of the substantive evidentiary burden" in ruling on a summary judgment motion. *Anderson, 477 U.S. at 248, 254, 106 S.Ct. at 2510, 2513. Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (C.A.11 (Fla.), 1990)*

JHP has moved for a default judgment against Sherman. Sherman's failure to answer results in an admission that "Sherman knowingly and willfully intercepted the programming and offered it to patrons of the establishment for private financial gain or commercial advantage." The default also confirms that that the exhibition of the program by Sherman was "willful and for purposes of direct or indirect commercial advantage or private financial gain and with the intent willfully defraud JHP of revenue." This is not the case for Neal and War Bama. The affidavit (Exhibit 1) of Eula Sheffield Neal defeats any presumption asserted by JHP. The affidavit clearly shows that Sherman conducted business without consulting Neal and that Neal was not present when the event was exhibited. Neal also had no knowledge that Sherman would employ the use of her residential equipment to order the event and then exhibit the event to the patrons at the establishment. This affidavit negates any willful conduct but shows an innocent party. The affidavit also demonstrates that War Bama or Neal received any private financial gain.

WHEREFORE, JHP has failed to demonstrate no genuine issue of material fact to support a motion for summary judgment. Therefore the motion for summary judgment is due to be denied.

s/ *Willie J. Huntley, Jr.*_____
WILLIE J. HUNTLEY, JR. (HUNTW5746)
THE HUNTLEY FIRM, P.C.
Attorney for Defendants
Post Office Box 370
Mobile, Alabama 36601
(251) 434-0007
(251) 434-0086 – fax
huntfirm@bellsouth.net

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of June 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

F. Page Gamble, Esquire

s/ *Willie J. Huntley, Jr.*